Ramiro **SANDOVAL ACOSTA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–71562.
Agency No. A91–710–582.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Thomas Fatouros, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Ramiro Sandoval Acosta, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir.2003), and we grant the petition for review, and remand.

The BIA erred by relying on both of Sandoval Acosta's drug violations in purporting to make a discretionary determination that he lacks good moral character. Under 8 U.S.C. § 1229b(b)(1), applicants are required to establish good moral character during only the ten year period prior to the final decision, *see In re Ortega–Cabrera*, 23 I. & N. Dec. 793, 797–98, 2005 WL 1926630 (BIA 2005), yet one of the violations on which the BIA relied occurred more than ten years before its decision, *see Hernandez*, 345 F.3d. at 847–49 (holding that where the BIA acts contrary to law, it is not making a discretionary determination and the determination is not protected from judicial review).

Because we remand for reconsideration of Sandoval Acosta's moral character due to the BIA's reliance on an impermissible factor, we do not reach Sandoval Acosta's contention that the BIA failed to consider favorable factors when assessing his moral character.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.